UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **FREDDIE MILLER**, <br><br> Defendant. | 2:19-CR-20789-TGB <br><br><br> **ORDER GRANTING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE** <br> **(ECF NO. 5)** |

This matter is before the Court on Defendant Freddie Miller's motion for early termination of supervised release (ECF No. 5). Based on the Court's review of the motion and further review of the record in this case, the Court determines that supervision is no longer necessary. Accordingly, the Court **GRANTS** Defendant's motion to terminate supervised release, and the remaining term of supervised release imposed on Defendant is **TERMINATED**.

## I. BACKGROUND

On June 12, 2009, Miller was sentenced by the United States District Court for the Western District of Pennsylvania to 185 months in custody and a five-year term of supervised release after pleading guilty to one count of possessing cocaine base with intent to distribute.

1

Judgment, ECF No. 1-1, PageID.2-4. That supervised release term was reduced to four years in November, 2019.[1] ECF No. 5, PageID.85.

Miller's supervision was transferred to the Eastern District of Michigan in December, 2019. *See* Order Accepting J., ECF No. 2, PageID.8. Miller began his supervised release term in October, 2019, and has now served more than three years on supervision. The Probation Department does not oppose early termination of supervised release.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e) further instructs courts to consider pertinent factors outlined by 18 U.S.C. § 3553(a) in assessing whether early termination is appropriate.

While Section 3583(e) plainly requires courts to evaluate the defendant's conduct on supervised release, "the phrase 'the interest of justice' gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *United States v. Suber*, 75 F.

---

[1] The Amended Judgment reducing Miller's term of supervision is not docketed in the Eastern District of Michigan, but the Government does not dispute that Miller's term of supervision was so reduced. *See* Government's Resp., ECF No. 8, PageID.97-98.

2

App'x 442, 444 (6th Cir. 2003) (citation omitted). "[T]he statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *Id*.

## III. DISCUSSION

Considering the Section 3553(a) factors, Miller's conduct, the opinion of the Probation Department, and the interests of justice, early termination of supervised release is justified. Miller has complied with all terms of his supervised release over the last three and a half years, and the Probation Department does not oppose early termination.

Given the nature of the offense, Miller's compliance with his release conditions, the Probation Department's opinion, and the limited time remaining on Miller's term of supervised release, there is no reason to believe that further supervision is required.

## IV. CONCLUSION

Because it is supported both by the interests of justice and Miller's conduct, Defendant Freddie Miller's motion to terminate supervised release is **GRANTED**, and his remaining term of supervised release is **TERMINATED**.

IT IS SO ORDERED.

Dated: June 12, 2023    s/Terrence G. Berg
                        TERRENCE G. BERG
                        UNITED STATES DISTRICT JUDGE